## FT. WORTH & RIO GRANDE RAILWAY COMPANY v. JAMES CONNER.

### Decided October 12, 1910.

**1.—Carrier of Passengers—Putting Off Train—Contributory Negligence—Charge.**

In an action for damages from being unlawfully put off a train, with circumstances of indignity and personal injury by a fall down the embankment, a requested charge that plaintiff could not recover if the fall was due to his own intoxication was properly refused, since it ignored his right to recover for unlawful ejection, irrespective of the injury from his fall.

**2.—Evidence—Conclusion of Witness.**

Plaintiff, who had made a former written statement differing from his testimony on the trial, could not be required to state, on cross examination, whether such statement was more apt to be correct than his testimony.  The question called for a mere conclusion of the witness.

**3.—Charge.**

Requested instructions on points fully covered by the charge given, were properly refused.

4.—Sufficiency of Evidence.

A verdict will not be disturbed on appeal merely because the evidence is in conflict, especially where three recoveries have been had thereon.

Appeal from the District Court of McCulloch County. Tried below before Hon. John W. Goodwin.

*Andrews, Ball & Streetman,* and *F. M. Newman,* for appellant.— Where the intoxication or partial intoxication of a party contributes to the injury or is the proximate cause of the injury then party should not recover any damages on account of such injury, and especially so where he had no right to be on the train.

H. & T. C. Ry. Co. v. Bryant, 31 Texas Civ. App., 483; M. P. Ry. Co. v. Evans, 71 Texas, 362; H. & T. C. Ry. Co. v. Sympkins, 54 Texas, 615; G. H. & S. A. Ry. Co. v. Harris, 22 Texas Civ. App., 16; Holmes v. Oregon, etc., R. Co., 6 Sawy. (U. S.), 272; Chicago, etc., R. Co. v. Lawrence, 96 Ill. App., 635; Maguire v. Middlesex R. Co., 115 Mass., 239; Strand v. Chicago, etc., R. Co., 67 Mich., 380; Whalen v. St. Louis, etc., R. Co., 60 Mo., 323; Milliman v. New York Cent., etc., R. Co., 6 Thomp. & C. (N. Y.), 585; Newton v. Central V. R. Co., 80 Hun. (N. Y.), 491; Link v. Brooklyn Heights R. Co., 64 N. Y. App. Div., 406; Fisher v. West V., etc., R. Co., 39 W. Va., 366, 42 W. Va., 183; St. Louis, etc., R. Co. v. Carr, 47 Ill. App., 353; Wheeler v. Grand Trunk R. Co., 70 N. H., 607; 2 Rapalje & Mack's Dig., 459.

*A. G. Walker, J. A. Adkins* and *Roy L. Walker,* for appellee.

RICE, Associate Justice.—Appellee brought this suit against appellant and recovered a judgment for $400 for personal injuries alleged to have been sustained by him on account of being expelled from appellant's cars while in motion, by its conductor, under the following circumstances: It was alleged by appellee that on the 22nd of December, 1907, he accompanied his brother-in-law, who desired to become a passenger on appellant's cars, to its station at Brady; that after his brother-in-law had boarded the train, and while the same was still at the station, having occasion to confer with him relative to a matter of business, he boarded the train and while in search of him the train suddenly started without any warning, and he immediately started to the door to disembark, but found that the train was going too fast for him to do so in safety. Whereupon he sought the conductor with the view of having him stop the train, so that he could get off; that upon finding the conductor he stated that he wanted to get off the train, and asked him to stop the train for this purpose, but that the conductor demanded of him his fare as a passenger; whereupon he told him that he simply desired to get off, and asked that the train be stopped, but that the conductor only slowed the train up, demanding that he should alight therefrom, which he refused to do, but told the conductor that he would prefer to

pay his fare to the next station rather than get off while the train was in motion, at the same time pulling out his purse for this purpose. The conductor thereupon became angry and forcibly ejected him from the moving train by kicking or shoving him off. That this occurred on a steep embankment, by reason of which he was precipitately thrown from said embankment to the ground below, sustaining serious and permanent injuries.

After a general demurrer and general denial defendant plead that the plaintiff was a trespasser, having boarded the train without a ticket and without any intention of becoming a passenger; that he was in an intoxicated condition, and that on appellee's demand that the train be stopped for him to get off, the conductor did stop the train for said purpose, but appellee thereupon began to parley with him as to his right to eject him; whereupon he took hold of him, and, using no more force than was necessary for the purpose of putting him off, he put him off, and that after he got upon the ground that, on account of his intoxicated condition, appellee stumbled and fell, rolling down the embankment, but denied that he received any injury therefrom.

The principal errors assigned relate to what appellant conceives to be an insufficient charge upon the part of the court, and its refusal to give several special charges asked by appellant. Among them was the following: "You are instructed as a part of the law in this case that if you believe from the evidence that plaintiff, James Conner, was under the influence of intoxicating liquor at the time of the occurrence complained of, and that such fact contributed to his falling and rolling down the embankment, and that he would not have fallen and rolled down the embankment if he had not been under the influence of intoxicating liquor, then you will return a verdict in favor of the defendant." We think that there was no error upon the part of the court in refusing to give this charge, because it completely ignored that phase of the case made by the pleadings and proof on the part of the plaintiff, towit,—that appellee was unlawfully ejected from the cars by force and violence, and permitted a finding in favor of appellant merely if the jury should believe that appellee, by reason of his intoxication, fell and rolled down the embankment after he had been thus forcibly ejected. Under this charge the jury would have been justified in finding for defendant if they merely believed plaintiff's intoxication contributed to his falling down the embankment, notwithstanding the fact that prior thereto he may have been unlawfuly ejected from the cars by the conductor. This was not the law of the case, because plaintiff was entitled to a verdict if he was unlawfully ejected from the train with indignities, as claimed by him, irrespective of whether he may have subsequently fallen on account of being intoxicated. The fact of his subsequent fall, if due entirely to his intoxicated condition, and he received injuries therefrom, could have been shown by appellant for the purpose of diminishing the amount of his recovery; but certainly could not have been used to defeat

it, if the jury believed from the evidence that he had been unlawfully ejected from the train prior thereto by the conductor.

It appears that during the last trial of the case plaintiff made a statement relative to his injuries which conflicted, as to the character of said injuries, with a former statement made by him. Whereupon he was asked by appellant's counsel that if there should be any difference in the statements, whether or not the statement made in 1908, immediately after the transaction, would or would not be more apt to be correct than the one now made. Objection to this question was sustained by the court and this is assigned as error. We are inclined to believe that the court was correct in this ruling. The answer if made, would have involved merely the opinion of the witness as to which statement was more apt to be correct, a conclusion which the jury was as able to draw as the witness after hearing both statements.

The remaining special charges requested by appellant we think were properly refused, because the court in its main charge had fully and accurately covered the points presented.

The last assignment questions the sufficiency of the evidence to support the verdict. It is true, there was a conflict in the evidence, but, under an appropriate charge, this was resolved in favor of the plaintiff; and the jury having found in favor of plaintiff, and their finding having been sanctioned by the trial court; especially in view of the fact that this was the fourth trial, two verdicts having already gone in favor of plaintiff, we are not inclined to disturb it on this ground.

Finding no error in the record, the judgment of the court below is in all things affirmed.

                                                              *Affirmed.*

Writ of error refused.